# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JACKSON,<br><br>             Plaintiff,<br><br>     vs.<br><br>H. MARTINEZ, et al.,<br><br>             Defendants. | 1:13cv00473 AWI DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED |

Plaintiff Maurice Jackson ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action filed on March 22, 2013. The action was transferred to this Court on April 1, 2013. Plaintiff names Sergeant H. Martinez, Correctional Officers R. Luna, J. Ramirez and Stanley[1], Registered Nurse V. Dackermann, John Doe, M.D. and the CDCR Medical Department.

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff does not include Defendant Stanley in the caption of the complaint but references him as a Defendant in the factual allegations.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.    **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at High Desert State Prison.  The events at issue occurred while Plaintiff was incarcerated at Corcoran State Prison.

Plaintiff alleges that on June 6, 2012, Defendant Stanley took him out of his cell.  He clamped the handcuffs hard on Plaintiff's wrists, and even though he complained, they were not loosened.  Plaintiff was placed in a holding cell and told that he was leaving.  Plaintiff asked to pack his own property, but he was ignored.  Plaintiff agreed to go and was told that he was going to get a picture taken.

Instead of being returned to his cell, he was taken to the hospital "without penological reasoning."  Compl. 4.  Plaintiff's cuffs continued to tighten and he was being ignored.  After several hours of being ignored, Plaintiff briefly kicked on the hospital cage door to try and call attention to his plight.

Suddenly, Plaintiff alleges that "they" were outside of his cell.  Plaintiff alleges that he again complained of his handcuffs being too tight and was told to turn around.  Plaintiff turned around and submitted to leg irons, and he was then pushed back into the cell.

About 30 minutes passed and Defendants Luna, Ramirez and Martinez began to escort Plaintiff to the Emergency Room.  He contends that as they turned down a hall, he was beaten down to the ground as Defendant Martinez held Plaintiff around his neck.  Defendants Luna and Ramirez hit Plaintiff with their fists.  Defendant Martinez told Plaintiff that he'd be receiving an injection.  As Plaintiff neared the ground, Defendant Dackermann got onto Plaintiff's back and administered two shots in the back of his arms.

Plaintiff alleges that Defendant Dr. Doe prescribed the drugs, but Plaintiff has never been on psychiatric drugs at any time.

Plaintiff was placed on a concrete floor in the mental ward and stripped naked.  He tried to move, but could not.  Over the next few days, Defendant Dackermann threatened that if

3

Plaintiff did not take his medication orally, they would administer shots. Plaintiff states that because of an allergic reaction, he could not move and Defendant Dackermann continued to forcefully administer medications by injection for several days.

Plaintiff alleges that "the nurse returns realizing the truth" and he was taken off the drugs. Compl. 7. Plaintiff states that he is still housed in a Mental Hospital as "John and Jane Doe try and justify [his] existence" in the hospital. Compl. 7.

Plaintiff alleges that Defendant Martinez first referenced drugs in a CDCR-115 Disciplinary Report dated June 6, 2012. According to the incident report, attached as an exhibit to Plaintiff's complaint, Defendant Luna notified Defendant Martinez that Plaintiff was refusing to exit the holding cell to take his medication. Plaintiff had been admitted to a Mental Health Crisis Bed. Defendant Martinez responded and instructed Plaintiff to face the rear of the cell. Plaintiff was restrained in handcuffs and leg restraints to do his suicidal statements and kicking the holding cell door. Defendants Luna and Ramirez then took Plaintiff to the emergency room for his medication, but Plaintiff refused to take a shot and "assumed a standing position" facing Defendant Ramirez. Defendant Ramirez attempted to restrain Plaintiff, but Plaintiff again said that he wasn't taking any medication and tried to pull away from Defendant Ramirez's grasp. Defendant Martinez instructed Defendant Ramirez to take Plaintiff to the floor. Defendant Ramirez grabbed the back of Plaintiff's neck and forced Plaintiff into a prone position. Once on the floor, Plaintiff did not resist the injections from Defendant Dackermann.

Plaintiff appears to disagree with the facts as set out in the incident report, and contends that any medications were "non-existent." Compl. 7. He again states that he has never taken psychiatric drugs.[2]

Based on these allegations, Plaintiff alleges a violation of the Eighth Amendment. He requests monetary damages.

---

[2] Despite his disagreement with the CDCR 115, Plaintiff states that he is not contesting the disciplinary report in this action.

4

C.     **ANALYSIS**

    1.     Legal Standard

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

2.      Analysis

   a.      *CDCR Medical Department*

Plaintiff names the CDCR Medical Department as a Defendant.  However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state.  Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Thus, Plaintiff may not maintain a claim against the CDCR Medical Department.

   b.      *Defendant Stanley*

Plaintiff alleges that Defendant Stanley tightened the handcuffs too much, and refused to loosen them after Plaintiff complained.

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster, 554 F.3d at 812.

Here, although Plaintiff conclusively alleges that Defendant Stanley acted with deliberate indifference, he does not present facts to show that Defendant Stanley knew of, and disregarded, a substantial risk of harm to Plaintiff.  Although the handcuffs may have been too tight for Plaintiff's liking, there is no indication that Defendant Stanley acted with the requisite state of

mind. Moreover, "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff therefore fails to state a claim against Defendant Stanley.

   c.  *Defendants Martinez, Luna and Ramirez*

Plaintiff alleges that Defendants Martinez, Luna and Ramirez took him into a hallway and assaulted him. He appears to allege that they did so for retaliatory purposes, and that they intentionally caused a disturbance that caused Defendant Dackermann to administer medication.

Plaintiff fails to state a claim for two reasons. First, insofar as Plaintiff alleges that he was assaulted, he fails to sufficiently explain why the facts in the attached CDCR 115 are not accurate. According to the report, Plaintiff refused to take his medications and became uncooperative. As a result, Defendant Martinez ordered Defendant Ramirez to take him to the ground so that he could be injected with medication. The report also indicates that Plaintiff made suicidal statements and had been placed in a Mental Health Crisis Bed.

While the Court must assume that Plaintiff's factual allegations are true, it is not required to accept as true allegations that contradict exhibits attached to the complaint, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir.2010); Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir.2009); Cooper v. Yates, 2010 WL 4924748, at *3 (E.D. Cal. 2010). While a complaint need not contain detailed factual allegations, it must plead enough facts to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678-79.

Plaintiff appears to suggest that he was not on any psychiatric medication, and therefore couldn't have been refusing any medication. However, he also attaches a Medication Record showing that from June 1, 2012, through June 7 or 8, 2012, Plaintiff took benztrophine mesylate, diphenhydramine and haloperidol. The Medication Record also indicates that for each refusal of

oral diphenhydramine or haloperidol, Plaintiff would receive the medication in injection form. Beginning on June 7, 2012, Plaintiff was involuntarily medicated.

Thus, in light of Plaintiff's combined exhibits, the allegations in his complaint are insufficient to state a plausible claim for relief.

Second, insofar as Plaintiff suggests that Defendants retaliated against him, he states that he does not know why they would do so. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff has not identified any protected First Amendment right that led to the alleged retaliation.

Based on the above, Plaintiff fails to state a claim under either the First or Eighth Amendment.

        d.    *Involuntary Medication*

Plaintiff alleges that Defendant Dackermann injected him with medication against his wishes, and that she forcefully gave him medication for a few days after the alleged incident. He also suggests that Defendant Doe, a doctor, prescribed this medication.

Again, Plaintiff's exhibits indicate that Plaintiff was taking medications, including psychiatric medications, and had been placed in a Mental Health Crisis Bed. He began refusing to take his medications, which led to Defendant Dackermann's injection of medication. Though Plaintiff alleges that he is not under mental health care and was not taking medications, his exhibits demonstrate otherwise.

In any event, there is no evidence that either Defendant Dackermann or Doe Defendant acted with deliberate indifference.

Accordingly, Plaintiff fails to state a claim against either Defendant Dackermann or the Doe Defendant.

## D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983. Plaintiff will be given an opportunity to amend, but he should only amend if he can do so in good faith. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.       If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **November 21, 2013**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE