# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JACKSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>H. MARTINEZ, et al.,<br><br>　　　　Defendants. | 1:13cv00473 AWI DLB PC<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE FOR<br>FAILURE TO PROSECUTE |

Plaintiff Maurice Jackson, a state prisoner, is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on March 22, 2013.

On November 21, 2013, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff has not yet filed an amended complaint.

On January 16, 2014, the United States Postal Service returned the Court's January 3, 2014, order to show cause. The mail was marked "Undeliverable, Paroled."

Plaintiff has not updated his address, filed an amended complaint or otherwise communicated with the Court since July 7, 2013.

## DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is

1

returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.

Plaintiff's address change was due by March 20, 2014, but he failed to file one and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since March 2013, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Further, the opposing party is necessarily prejudiced when he is unaware of an action against him. *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

Accordingly, the Court ORDERS that this action be DISMISSED, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   April 4, 2014                             _____
                                                    SENIOR  DISTRICT  JUDGE